```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON


DAVID C. EATON,                  )
                                 )
      Plaintiff,                 )  Civil Action No. 5:07-215-JMH
                                 )
v.                               )
                                 )
LEXINGTON-FAYETTE URBAN COUNTY   )
GOVERNMENT, et al.,              )  MEMORANDUM OPINION AND ORDER
                                 )
      Defendant.                 )
```

                    **    **    **    **    **

This matter is before the Court on Defendants' Motion for Summary Judgment [Record No. 14]. Plaintiff has filed a Response in opposition to the motion [Record No. 16], and Defendants have filed a reply [Record No. 17]. The Court being adequately advised, this motion is now ripe for decision.

I.   BACKGROUND

In August 2005, Plaintiff filed a Verified Petition for Custody, Timesharing, and Child Support in the Fayette Circuit Court, against the mother of his child. [Record No. 14-3.] In October 2005, the parties to that action entered into an agreed order, which reserved the issue of custody pending an evaluation by the Friend of the Court, set a time share schedule so that Plaintiff might see the child, and established child support to be paid by Eaton. [Record No. 14-4.]

The parties to that action were ordered to participate in a

drug test at the Community Alternative Program (hereinafter, "CAP") in January 2006. [Record No. 14-6.] Plaintiff was then ordered by the Fayette Circuit Family Court to undergo random drug and alcohol testing three times a week at the Community Alternative Program [Record No. 14-7.] That order was modified on February 10, 2006, such that Plaintiff was required to undergo drug and alcohol testing twice per week, on Thursdays and Saturday. [Record No. 14-8.]

CAP is part of the Lexington-Fayette Urban County Government (hereinafter, "LFUCG") Division of Community Corrections and offers an alternative to incarceration for non-violent offenders. [Record No. 14-9, Affidavit of Mary Hester, ¶¶ 2-3.] Services provided by CAP include electronic monitoring, day reporting, court-ordered community service, and drug and alcohol testing. [*Id.* at ¶ 3.] The drug testing unit provides drug and alcohol testing for the Division of Community Corrections, when testing is ordered by the judicial system, and for other agencies. [*Id.* at ¶ 4.] The program is non-profit, and any income realized must be invested back into the program in its entirety. [*Id.* at ¶ 5.] Pursuant to the orders of the Fayette Circuit Family Court, David Eaton submitted to drug and alcohol testing at CAP on one hundred twenty-two (122) occasions from 2005 through 2007. [*Id.* at ¶ 6.]

Plaintiff filed a Complaint before this Court on July 9, 2007, raising a claim under 42 U.S.C. § 1983 and alleging that his Fourth

2

Amendment rights were violated as a result of unconstitutional drug and alcohol testing through CAP.  Specifically, he challenges the accuracy of the test results and alleges that the drug testing policy and protocol are unconstitutional and result in an unreasonable search of his person in violation of the Fourth Amendment.  In his Request for Relief, he requests declaratory, injunctive, and monetary relief from the Defendants  [Record No. 1 at 5].

Named as defendants are LFUCG; Mayor Jim Newberry, in his official capacity; and Mary Hester, Assistant Director, Bureau of Programs, Services & Community Placement, Division of Community Corrections, in both her official and individual capacities.  In their Motion, Defendants argue that the Court should decline to hear Plaintiff's claims in this matter under the *Younger* abstention doctrine.  For the reasons which follow, the Court agrees in part and shall dismiss Plaintiff's claims for injunctive and declaratory relief without prejudice and shall stay further adjudication as to Plaintiff's claims for monetary relief as set forth below.

**II.   STANDARD OF REVIEW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In

considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The nonmoving party "cannot respond by merely resting on the pleadings, but rather the nonmoving party must present some 'specific facts showing that there is a genuine issue for trial.'" *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### III. DISCUSSION

Plaintiff brings his claim under 42 U.S.C. § 1983, alleging that his Fourth and Fourteenth Amendment rights have been violated by unreasonable searches, i.e., drug and alcohol testing which was the result of unspecified but allegedly unreliable methods used by CAP. The Court has grave doubts about whether Plaintiff properly seeks relief under the Fourth and Fourteenth Amendment, as he specifically disclaims any complaint about whether it is reasonable for the Fayette Circuit Family Court to require him to be subject to drug and alcohol testing in the first place. Rather, he complains about the reliability of the drug and alcohol testing as it is conducted by CAP, which this Court understands to be a claim

4

for violation of Eaton's right to substantive due process under the Fifth and Fourteenth Amendments. *See Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993) (analyzing claims of constitutional violation due to allegedly inaccurate drug testing procedure under Fifth and Fourteenth Amendments); *Higgs v. Bland*, 888 F.2d 443 (6th Cir. 1989) (reliability of drug test considered under due process analysis).

That said, Eaton's request for relief from this Court remains, essentially, a collateral attack on the Fayette Circuit Family Court's orders requiring him to submit to testing at CAP. Because there is a pending state suit, the Court will apply the doctrine of *Younger* abstention to determine whether it would be better to abstain from any decision in this matter at this time. The doctrine was recently summarized by the Sixth Circuit Court of Appeals as follows:

> In *Younger v. Harris,* the Supreme Court held that federal injunctions against a state criminal law enforcement process could be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." 401 U.S. [37,] 45 [(1971)]. So-called "*Younger* abstention" was later extended to civil proceedings in state court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975). The Supreme Court in these cases noted that federal courts should not act to restrain a criminal prosecution, or interfere with state appellate proceedings. *Younger,* 401 U.S. at 43; *Huffman,* 420 U.S. at 608.
>
> Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying

>     proceedings constitute an ongoing judicial
>     proceeding, (2) whether the proceedings
>     implicate an important state interest, and (3)
>     whether there is an adequate opportunity in
>     the state proceedings to raise a
>     constitutional challenge. *Tindall v. Wayne
>     County Friend of the Court,* 269 F.3d 533, 538
>     (6th Cir. 2001).

*Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008). "Although *Younger* arose in the context of a state criminal proceeding, the Supreme Court has extended its principles to civil enforcement actions and civil matters between private litigants where an important state interest is involved." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citing *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977) (state civil fraud proceeding to recover improper benefits by state welfare department); *Huffman,* 420 U.S. at 604 (state civil nuisance action against adult theater by local sheriff and prosecutor); *Mann v. Conlin*, 22 F.3d 100 (6th Cir. 1994) (abstention proper in light of pending custody dispute between two private civil litigants in state court)). In addition to actions seeking injunctive relief, the same analysis applies in "federal declaratory judgment actions because they involve 'precisely the same interference with and disruption of state proceedings' as an injunction." *Carroll*, 139 F.3d at 1074 (quoting *Samuels v. Mackell,* 401 U.S. 66, 72 (1971)).

At the time this matter was filed, there was a state court action pending in the Fayette Circuit Family Court regarding child

support, time sharing, and the custody of a minor child. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (court looks to whether state action was pending when federal suit was filed in determining whether state courts are pending). The Court has been advised that the matter remains pending and is likely to remain pending through any appeal process that may result from a decision in this matter. Thus, the first element, that the underlying proceedings constitute an ongoing judicial proceeding, is met. Secondly, the state court proceedings involve the important state issue of the custody, support, and welfare of a minor child. Such issues of domestic law are necessarily of paramount state interest, *Mann*, 22 F.3d at 106, and the second element is met.

Finally, Plaintiff has failed to show that the Fayette Circuit Family Court cannot or will not provide him with an adequate opportunity to raise his constitutional objections to the testing that he is required to undergo by order of that Court. While Rule 2(A) of the Rules of Practice of the Fayette Circuit Family Court indicate that its jurisdiction is confined to adoptions, issues of child custody or timesharing, child support proceedings, dependency, neglect and abuse, dissolution of marriages, issues of domestic violence, juvenile status offenses, paternity disputes, and termination of parental rights, Plaintiff has cited to no authority which would preclude the resolution of constitutional questions which arise in the context of those types of cases before

7

the Family Court.[1] If Plaintiff wishes to challenge the adequacy and integrity of the drug and alcohol testing to which he must submit under state court order on constitutional grounds and seek injunctive and declaratory relief, he may do so in the state court.

Ultimately, "the requested relief would constitute undue federal interference in state judicial or quasi-judicial proceedings," as required for the application of *Younger* abstention. *Carroll*, 139 F.3d at 1077 (citing *Huffman,* 420 U.S. at 601-05). Providing Eaton the relief he requests – enjoining Defendants from providing allegedly inadequate or untrustworthy testing and declaring the testing procedure unconstitutional – would result in this Court's interference with an order of the Fayette Circuit Family Court requiring Plaintiff to submit to testing at CAP. Without a doubt, injunctive or declaratory relief against the Defendants in this suit would unduly interfere with the state proceeding. As each of the three prongs of *Younger* abstention are met, this Court may properly refrain from exercising its jurisdiction over the Plaintiff's request for injunctive and declaratory relief in this case. Honoring the principles of comity, this Court shall so refrain.

"This Court, however, has no discretion to dismiss rather than

---

[1] Plaintiff concedes that he has never attempted to raise the issue of his Fourth Amendment Rights in the Fayette Family Court. It is likely that he has not attempted to raise any due process claim either.

to stay claims for monetary relief that cannot be redressed in the state proceedings." *Carroll,* 139 F.3d at 1075-76 (*citing Deakins v. Monaghan*, 484 U.S. 193 (1988)). By staying rather than dismissing that portion of Eaton's action which seeks monetary relief, the Court "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists.'" *Deakins,* 484 U.S. at 202-03 (quoting *Williams v. Red Bank Bd. of Ed.,* 662 F.2d 1008, 1024 (3d Cir. 1981)). Accordingly, Plaintiff's claims for monetary relief shall be stayed pending presentation and resolution of the merits of Plaintiff's requests for injunctive and declaratory relief in the state proceeding.

## IV. CONCLUSION

For all of the reasons set forth above, the Court will refrain from exercising jurisdiction over Plaintiff's request for injunctive and declaratory relief. Those claims shall be dismissed without prejudice. The Court will retain jurisdiction over Plaintiff's claims for monetary relief but shall stay those proceedings for the time being for the reasons stated above.

Accordingly, **IT IS ORDERED**:

(1) that Defendants' Motion for Summary Judgment [Record No. 14] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

9

(2) that Plaintiff's claims for declaratory and injunctive relief against Defendants shall be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE;**

(3) that Plaintiff's claims for monetary relief against Defendants shall be, and the same hereby are, **STAYED PENDING FURTHER ORDER OF THE COURT;**

(4) That all scheduled proceedings shall be, and the same hereby are, **CONTINUED GENERALLY;**

(5) That all pending motions shall be, and the same hereby are, **DENIED WITHOUT PREJUDICE** to refiling upon the lifting of the Court's stay;

(6) That the parties to this matter shall **FILE A STATUS REPORT** on or before **180 days** from the entry of this order or within **ten (10) days** from entry of an order indicating a decision on the merits of any request for injunctive and declaratory relief made by Plaintiff Eaton in the Fayette Circuit Family Court, whichever comes first.

This the 12th day of September, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge